**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEWART TITLE GUARANTY COMPANY,<br><br>                            Plaintiff,<br><br>   v.<br><br><br>2485 CALLE DEL ORO, LLC, *et al*.,<br><br>                        Defendants. | Case No. 15-cv-2288-BAS(WVG)<br><br>**ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>**[ECF Nos. 45, 54]** |

     Presently before the Court is Magistrate Judge William Gallo's Report and Recommendation ("R&R") (ECF No. 54) regarding Plaintiff Stewart Title Guaranty Company's Motion to Impose Sanctions Pursuant to FRCP 37(b) ("Motion for Sanctions") (ECF No. 45).

     On May 2, 2017, Plaintiff filed its Motion for Sanctions against Defendants Courtland Gettel and Conix VRC, LLC ("Defendants") and their counsel, Joseph Sammartino, for failure to comply with a court order compelling discovery. (ECF No. 45.) Plaintiff sought sanctions including the striking of Defendants' answers to the Complaint, entry of default judgments against these Defendants, and the

imposition of monetary sanctions on Defendants and Mr. Sammartino in connection with Plaintiff's expenses incurred in connection with the motion for sanctions and a prior motion to compel. (*Id.*) Defendants Court Gettel and Conix VRC, LLC and Mr. Sammartino did not file an opposition to the motion for sanctions. Judge Gallo held a hearing on the motion for sanctions on July 14, 2017, which only Plaintiff's counsel attended. On August 7, 2017, Judge Gallo issued the R&R on Plaintiff's Motion for Sanctions. (ECF No. 54.) The time for filing objections to the R&R expired on August 22, 2017. (*Id.* at 35:1–3.) On August 29, 2017, Plaintiff filed a notice of non-receipt of objection to the R&R. (ECF No. 55.) Defendants Court Gettel and Conix VRC, LLC and Mr. Sammartino made no objection to the R&R. This Court subsequently held a hearing on an order to show cause why the R&R should not be adopted in its entirety. (ECF Nos. 56, 58.)

For the reasons set forth below, the Court adopts in part and declines to adopt in part the R&R.

## I.    BACKGROUND

The Court hereby incorporates the fact section of the R&R (ECF No. 54) in its entirety, which Judge Gallo certified pursuant to 28 U.S.C. §636(e)(6).

In particular, the Court notes the following facts:

(1)    Although Mr. Sammartino repeatedly promised the Court and the Plaintiff that discovery was forthcoming, that discovery has still not been produced two years into this case;

(2)    After months of promises to provide requested discovery, Plaintiff's counsel's voicemails and email inquiries to Mr. Sammartino beginning in 2017, remained unanswered. Specifically, Plaintiff's counsel reached out to Mr. Sammartino twice in January 2017 and multiple times in February 2017 without any response;

(3)    At a status conference set before Magistrate Judge Skomal on February 24, 2017, Mr. Sammartino explained that he had been out of the country

1    and did not have access to his email;

2    (4)    Mr. Sammartino again failed to respond to Plaintiff's counsel's inquiries

3    by telephone and email on multiple occasions in March 2017, and no

4    discovery was forthcoming;

5    (5)    Judge Skomal set a conference for March 24, 2017 to learn why the

6    discovery had still not been produced.  Instead of informing the Court

7    he was unavailable or requesting rescheduling of the conference, Mr.

8    Sammartino instead failed to appear, emailing Plaintiff's counsel that he

9    should inform the Court of Mr. Sammartino's unavailability.  The status

10    conference went on without Mr. Sammartino.

11    (6)    After the transfer of the case, Judge Gallo ordered further briefing on

12    Plaintiff's Motion for Sanctions and ordered Defendants and Mr.

13    Sammartino to appear for a hearing on July 14, 2017.  Both orders were

14    ignored – no briefing was filed and neither Defendants, nor Mr.

15    Sammartino appeared as ordered; and

16    (7)    Defendants and Mr. Sammartino ignored the formal discovery deadlines

17    and failed to respond to Requests for Production of Documents and

18    Interrogatories served on January 25, 2017.  These Requests and

19    Interrogatories remain unanswered ten months later.

20    Since the R&R was filed, Defendants and Mr. Sammartino continued to ignore

21    the Court.  The R&R recommended that several sanctions be issued, including:

22    striking Defendants' Answers to the Complaint and entering judgment in favor of the

23    Plaintiff, imposing monetary sanctions against both Defendants and Mr. Sammartino

24    jointly and severally, reporting Mr. Sammartino to the State Bar of California, and

25    imposing criminal contempt sanctions against Mr. Sammartino.  Despite the fact that

26    the R&R recommended these sanctions, Mr. Sammartino failed to file any objections

27    explaining his conduct or asking that the R&R not be adopted in its entirety.

28    After the time for filing objections to the R&R expired, this Court ordered the

parties to show cause why the R&R should not be adopted in its entirety. (ECF No. 56.) The Court reached out to both Plaintiff's counsel and Mr. Sammartino to set a hearing date on the order. (*Id*.) Although Plaintiff's counsel responded to the Court, Mr. Sammartino did not. The Court left two voicemails with Mr. Sammartino's phone number of record to no avail. (*Id*.)

On October 30, 2017, the Court held the hearing on its order to show cause at which Plaintiff's counsel appeared telephonically and Mr. Sammartino appeared in person. (ECF No. 58.) At the hearing, Mr. Sammartino agreed that terminating sanctions and attorney fees against his clients are appropriate. Mr. Sammartino initially represented to the Court that "I was never ordered to the best of my knowledge to appear at anything that I didn't appear at." After the Court referenced the R&R's recommendation that Mr. Sammartino be jointly and severally liable with his client for failure to show up at several hearings, Mr. Sammartino conceded that "I'm aware of one hearing that I missed. I'm not aware of multiple ones." With respect to his failure to provide discovery responses to Plaintiff's counsel, Mr. Sammartino stated that his clients "stonewalled" him and he was told there was information when none existed. Mr. Sammartino disputed that he had been uncommunicative with Plaintiff's counsel other than "missing one hearing possibly." Instead, Mr. Sammartino represented that he had received no emails, letters, or phone calls from Plaintiff's counsel that have gone unanswered. Although the R&R informed the parties that a failure to file timely objections might waive the right to raise those objections on appeal, Mr. Sammartino represented that "I didn't realize that a written response was required." After the Court referenced the R&R's requirements, Mr. Sammartino conceded his responsibility for failure to file any written objections.

Notably, Mr. Sammartino provided no reason for his failure to attend two court hearings before the Magistrate Judges, initially denying knowledge of any hearing he missed, and later conceding he may have missed one. Nor did Mr. Sammartino

15cv2288

explain why sanctions, as recommended by Judge Gallo, would not be appropriate. He denied being incommunicative with Plaintiff's counsel, a denial that is clearly belied by the record. And he failed to explain why he never filed any objections to Judge Gallo's R&R.

Based on the foregoing facts, the Court now considers adoption of the R&R.

## II.     DISCUSSION

### A.     Legal Standard

The Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This legal rule is well-established in the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a[n] R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

### B.     Analysis

Neither party has objected to the R&R's finding or recommendations. Consequently, the Court may adopt the R&R on that basis alone. *See Reyna-Tapia*,

1    328 F.3d at 1121.  Nonetheless, the Court has conducted a *de novo* review of
2    Plaintiff's Motion for Sanctions and the R&R.  (ECF Nos. 45, 54.)

3         First, based on the Court's *de novo* review as well as on the hearing on the
4    order to show cause, the Court finds that Judge Gallo correctly concluded that
5    Defendants Court Gettel and Conix VRC, LLC's "sustained misconduct, failures,
6    and violations amounting to willfulness and bad faith," requires the imposition of
7    terminating sanctions, striking of Defendants' Answers, and the entry of default
8    judgment pursuant to Fed. R. Civ. P. 37(b)(2)(vi.).  (ECF No. 54 at 22.)  Defendants
9    failed to provide requested discovery to Plaintiff over the duration of this case, and
10   two years after the case was filed, discovery still has not been provided.  Although
11   the full extent of Defendants Gettel and Conix VRC, LLC's knowledge of the
12   discovery issues in this case is not clear, these Defendants were served with a
13   summons and, at a minimum, were well aware that they were being sued.  Mr.
14   Sammartino's representations to the Court confirm that his clients likely had at least
15   some knowledge of Plaintiff's discovery requests.  Taking Mr. Sammartino's word
16   that his client "stonewalled" him or misled him, such conduct would amount to the
17   willfulness or bad faith required to impose a default sanction for a party's failure to
18   obey a prior court order compelling discovery.  *See Hester v. Vision Airlines, Inc.*,
19   687 F.3d 1162, 1169 (9th Cir. 2012).  The Court finds especially compelling Mr.
20   Sammartino's concession at the hearing that terminating sanctions against his clients
21   are appropriate.  Moreover, as Judge Gallo observed, case dispositive sanctions
22   against a party are appropriate even if the violative conduct is solely the party's
23   attorney's fault.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962).  This is
24   because a party voluntarily chooses the attorney as its representative in a case.  *Id.* at
25   633.  Here, Defendants' counsel failed to fulfill multiple promises to Plaintiff's
26   counsel and to the Court to provide requested discovery and failed to comply with a
27   court order compelling production.  This conduct would provide an independent basis
28   for imposing a default sanction.  Both the conduct of Defendants and Mr. Sammartino

15cv2288

resulted in substantial prejudice to the Plaintiff and its ability to move this case forward.

Rather than entering default judgment at this time, however, the Court will direct the Clerk of the Court to enter default against Defendants Gettel and Conix VRC, LLC, particularly because (1) this case involves multiple defendants[1], one of whom, Defendant Kathryn Nighswander[2], is not in default, and (2) the Court lacks sufficient information regarding the damages to which Plaintiff may be entitled as part of a default judgment.

Second, the Court also finds that Judge Gallo correctly concluded that Defendants and Mr. Sammartino should be jointly and severally liable to Plaintiff for $6,275 in total expenses incurred in its discovery motions. (ECF No. 54 at 22−28.) Because Plaintiff sought and was granted a court order by the former Magistrate Judge ordering Defendants to respond to discovery requests (ECF No. 44), Plaintiff is entitled to fees and costs under Federal Rule of Civil Procedure 37(a)(5)(A). Judge Gallo correctly concluded that Plaintiff is entitled to payment of $4,050 in fees

---

[1] The previous judge on this case, Judge Roger Benitez, denied Plaintiff's motion for default judgment against Defendants 2485 Calle del Oro, LLC, Jeffrey H. Greenberg, and Lynette Moreno, who had default entered against them. (ECF No. 25.) Judge Benitez determined that entering judgment to those defaulting defendants "would not be proper" because "Defendants are similarly situated and the claims against them rest on the same legal theories." (*Id.* at 3.) Under such circumstances, a court should typically wait until resolution of claims against non-defaulting defendants before entering a default judgment. *Garamendi v. Henin*, 683 F.3d 1069, 1082-83 (9th Cir. 2012). Judge Benitez instructed that Plaintiff could file an amended motion for default judgment within 30 days of the resolution of the claims against the non-defaulting Defendants. (ECF No. 25 at 3.)

[2] Plaintiff's initial motion to compel and for sanctions expressly did not include Defendant Nighswander, but rather indicated that proceedings against her are currently stayed because of her pending bankruptcy. (ECF No. 42-1 at 2 n.1.) Accordingly, Plaintiff did not move to compel discovery responses from her (*id.*) and she was not subject to the discovery order Defendants Gettel and Conix VRC, LLC violated (ECF No. 44 at 1 n.1).

incurred in meet and confer efforts with Mr. Sammartino, preparation of its motion to compel, and related tasks. Plaintiff is also entitled to $2,225 in expenses necessitated by the motion for sanctions (ECF No. 45) pursuant to Rule 37(b)(2)(C). This Rule mandates an award of expenses directly related to or caused by a party's failure to obey a discovery order. *Id.*; *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1183−84 (2017). Both Rule 37(a)(5)(A) and Rule 37(b)(2)(C) permit a court to require a party's attorney to also pay expenses resulting from discovery misconduct. The record regarding Mr. Sammartino's conduct in this case is clear. (*See* ECF No. 54.) In relevant part, Judge Gallo ordered Mr. Sammartino to personally appear at a hearing concerning Plaintiff's Motion for Sanctions (ECF No. 47), but he failed to do so. This was the second time Mr. Sammartino failed to appear in this case. He earlier failed to appear at a telephonic status conference, without informing the Court, and instead relied on Plaintiff's counsel to let the Court know that he would not be able to appear.

At this Court's hearing on the order to show cause, Mr. Sammartino initially disavowed knowledge of court orders requiring him to appear in court related to the discovery dispute and disavowed knowledge of the R&R's requirement to file written objections. This representation cannot be squared with the fact that Judge Gallo's order and the R&R were entered on the electronic docket in this case, for which Mr. Sammartino has registered his email address – an address identical to Mr. Sammartino's email address on file with the State Bar of California. (ECF No. 54 at 32 n.19.) There is no doubt that Mr. Sammartino received the order, the R&R, and any other docket entries relevant to the discovery dispute. The Court finds that Judge Gallo correctly concluded that Mr. Sammartino's conduct warrants making him jointly and severally liable with his clients for payment of Plaintiff's expenses.

Third, the Court finds that Judge Gallo also correctly concluded that Mr. Sammartino is required to report to the California State Bar. California Business and Professions Code §6068(o)(3) requires California-licensed attorneys to self-report

imposition of judicial sanctions of $1,000 or more. Because this Court agrees that Mr. Sammartino is jointly and severally liable with his client for payment of expenses exceeding this amount as a discovery sanction, Mr. Sammartino is required to report. Because the statute requires the attorney to self-report, the Court declines in its discretion to follow the recommendation that a copy of this order be forwarded to the State Bar of California and, instead, will order Mr. Sammartino to self-report the judicial monetary sanction.

Lastly, the Court declines in its discretion to impose criminal contempt sanctions against Mr. Sammartino. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983) (district court has the power to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" whether objections have been filed or not).

## III.     CONCLUSION & ORDER

The Court **HEREBY ORDERS** that:

1.     The Court **ADOPTS IN PART AND DECLINES TO ADOPT IN PART THE R&R (ECF No. 54).** The Court adopts the R&R as to all aspects <u>except</u> as to (a) the imposition of criminal contempt proceedings against Mr. Sammartino and (b) any reporting under Cal. Bus. Prof. Code §6068(o)(3) that is not self-reporting by Mr. Sammartino.

2.     Plaintiff's Motion for Sanctions (ECF No. 45) is **GRANTED**.

3.     Defendants Court Gettel and Conix VRC, LLC's Answers to the Complaint (ECF Nos. 16, 18) **ARE STRICKEN**.

4.     The Clerk of the Court is **DIRECTED TO ENTER DEFAULT AGAINST** Defendants Court Gettel and Conix VRC, LLC.

5.     The Court **ORDERS** Plaintiff to file a motion for default judgment against all defaulting Defendants in this case **no later than December 1, 2017**. Such motion should address the damages Plaintiff seeks as part of a default judgment. Plaintiff is directed to address how this Court

should treat Defendant Nighswander, who is not in default.

6.   Pursuant to Federal Rule of Civil Procedure 37, Defendants Court Gettel and Conix VRC, LLC and Mr. Sammartino, are **ORDERED TO PAY Plaintiff's expenses of $6,275.00, which is to be paid jointly and severally**.

7.   Mr. Sammartino is **ORDERED** to self-report to the State Bar of California the foregoing monetary sanction.

**IT IS SO ORDERED.**

**DATED:  November 3, 2017**

Hon. Cynthia Bashant
United States District Judge