1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART TITLE GUARANTY COMPANY, | Case No. 15-cv-2288-BAS(WVG) |
| Plaintiff, | **ORDER GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS** |
| v. | **[ECF No. 71]** |
| 2485 CALLE DEL ORO, LLC, *et al.*, | |
| Defendants. | |

On June 19, 2018, this Court granted in part and denied in part Plaintiff Stewart Title Guaranty Company's ("Stewart Title") motion for a default judgment. (ECF No. 66.) The Court determined that entry of a default judgment was warranted on Stewart Title's claims for breach of promissory note, breach of guaranty, express indemnity and fraud (as to Defendants Borrower and Gettel). (*Id*.) Stewart Title was awarded compensatory damages in the full amount requested of $1,832,472.13, plus interest in the amount of $1,536,120.09. (*Id*.)

Before the Court is Stewart Title's unopposed motion for an award of $48,708.00 in attorneys' fees and costs incurred in this litigation. (ECF No. 71.) Stewart Title indicates that it incurred some $52,493.50 in attorneys' fees and costs in connection with this litigation, yet only seeks 90% of that amount. (ECF No. 71-

1 at 5.)  Because it prevailed on its contract-based causes of action, Stewart Title seeks to recover attorneys' fees and costs pursuant to express provisions of the various contractual agreements involved in this case.  (Am. Compl. Ex. A, Loan Agreement ¶ 7.10; Ex. B, Promissory Note ¶ 8; Ex. C, Deed of Trust ¶ 8.10; Ex. E, Non-Recourse Carveout Guaranty ¶ 13(b);  Ex. Q, Lien Release and Remainder Liability Agreement ¶ 8.a.)  The Court finds that Stewart Title is entitled to recover $48,708.00 in attorneys' fees and costs.

## DISCUSSION

"A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees." *Kona Enters., Inc. v. Estate of Bisop*, 22 F.3d 877, 883 (9th Cir. 2000).  California Civil Code § 1717 provides that where "the parties contractually obligate themselves" to compensate each other, attorneys' fees may be awarded. *Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr.*, 250 F.3d 1234, 1237 (9th Cir. 2001).  The amount of "[r]easonable attorney's fees shall be fixed by the court."  Cal. Civ. Code § 1717(a); *Ellis v. Toshiba Am. Info. Sys., Inc.*, 218 Cal. App. 4th 853, 882 (Cal. Ct. App. 2013) (citations omitted) ("[A]scertaining the fee amount is left to the trial court's sound discretion[.]")  Consistent with Section 1717(a), "California courts have consistently held that a computation of time spent on a case and the reasonable value of that time is fundamental to a determination of an appropriate attorneys' fee award." *Margolin v. Reg'l Planning Comm'n of L.A. Cty.*, 185 Cal. Rptr. 145, 148 (Cal. Ct. App. 1982) (citations omitted).  "[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' *i.e.*, the number of hours reasonably expended multiplied by the reasonable hourly rate." *PLCM Grp. v. Drexler*, 997 P.2d 511, 518 (Cal. 2000).  As to the computation of hours, "trial courts must carefully review attorney documentation of hours expended." *Ketchum v. Moses*, 17 P.3d 735, 743 (Cal. 2001).

After reviewing the experience of the attorneys involved in this case, the rates charged, and the billing records, the Court finds that the amount of attorneys' fees

incurred is reasonable. Stewart Title has litigated this case for nearly three years, even in the face of violations of court orders by several defendants.

In addition to attorney fees, Stewart Title also incurred costs, including $606.00 in filing fees and $5,782.54 in service of process fees. (ECF No.71-1 at 5.) The award of costs is governed by federal law under Rule 54(d)" as "a general proposition." *In re Merrill Lynch Relocation Mgmt., Inc.*, 812 F.2d 1116, 1120 n.2 (9th Cir. 1987); *Am. Boat Racing Ass'n v. Richards*, No. 2:14–cv–1909–KJM–KJN, 2015 WL 1320956, at *8 (E.D. Cal. Mar. 24, 2015) ("[F]ederal law governs the award of costs even in a diversity action."). Stewart Title may properly recover the filing fee for this action. *See DLI Assets, LLC v. Pirate Gem, LLC*, No. 17-cv-02216-BAS-NLS, 2018 WL 1920219, at *7–8 (S.D. Cal. Apr. 23, 2018). Stewart Title may also recover $5,782.54 in service of process fees, including private investigator costs necessary to effectuate service. *See Alflex Corp. v. Underwriters Laboratories, Inc.*, 914 F.2d 175, 177 (9th Cir. 1990); *Oyarzo v. Tuolumne Fire Dist.*, No. 1:11-CV-01271-LJO, 2013 WL 5718877, at *6 (E.D. Cal. Oct. 18, 2013); *see also 700 Valencia St. LLC v. Farina Focaccia & Cucina Italiana, LLC*, No. 15-cv-04931-JCS, 2018 WL 783930, at *6 (N.D. Cal. Feb. 8, 2015) (awarding private investigator costs necessary for service). Despite incurring attorneys' fees and costs totaling some $54,120.77, Stewart Title only seeks an aggregate amount of $48,708.00. (ECF No. 71.) This reflects a 10% deduction from the fees and costs incurred and not already awarded. The Court finds that this amount is reasonable and properly recoverable.

## CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** Stewart Title's motion for attorneys' fees and costs **in the amount of $48,708.00**. (ECF No. 71.) The Clerk of the Court shall enter an award in this amount in favor of Plaintiff and close the case.

**IT IS SO ORDERED.**

**DATED: August 7, 2018**

Hon. Cynthia Bashant
United States District Judge